IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gregory Alfred Whyte, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:19-cv-1465-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden FCI Edgefield, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Gregory Alfred Whyte ("Petitioner") is a federal prisoner, proceeding *pro se*, who seeks relief under 28 U.S.C. § 2241. (ECF No. 1). Petitioner filed this Petition for writ of habeas corpus on May 20, 2019. *Id*. On July 30, 2019, Respondent filed a Motion to Dismiss and, in the alternative, a Motion for Summary Judgment. (ECF No. 11). Petitioner filed a response to Respondent's motion on August 30, 2019. (ECF No. 14). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Respondent's Motion for Summary Judgement be granted and that the Petition be denied. (ECF No. 16 at 10). In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See id*. Petitioner was advised of his right to file objections to the Report. *Id*. at 11. However, Petitioner has not filed any objections and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a

timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See United States v. Schronce*, 727 F.2d 91, 92–94 (4th Cir. 1984).

Having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 16), and incorporates it herein. Accordingly, the Respondent's Motion for Summary Judgment (ECF No. 11) is **GRANTED**. Thus, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 22, 2020